UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMEO GARCIA-PEREZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT et. al,,<br>Respondents. | CASE NO. 2:26-cv-03808-JHC<br>ORDER |

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order. Dkt. # 2. The Court has reviewed the motion, pertinent portions of the record, and the applicable law. For the reasons below, the Court DENIES the motion.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, a petitioner must establish: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for

issuing a TRO is "substantially identical" to that of a preliminary injunction). In the Ninth Circuit, a petitioner can also receive a TRO by showing that there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, it appears that a TRO is not currently warranted. While Petitioner has shown that there are "serious questions going to the merits" of his detention, he has not alleged that his removal or transfer is imminent, nor has he alleged any other facts that would indicate he must be immediately released for his health or safety. *See generally* Dkt. # 2. Without an alleged imminent removal or other imminent harm, the Court sees no likelihood of suffering irreparable harm or threat to maintaining the status quo during the pendency of Petitioner's habeas petition.[1]

Accordingly, the Court DENIES Petitioner's Motion without prejudice. Dkt. # 2. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of October, 2026.

John H. Chun

John H. Chun
United States District Judge

[1] The risk of Petitioner being transferred out of District or removed is also mitigated by the Court's standard scheduling order, which requires notice before Petitioner is removed from the District. *See* Dkt. # 5.